IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:09cr203-MHT |
| JOHN ERNEST JOHNSTON | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant John Ernest Johnston's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, currently set for May 21, 2012, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Johnston in a speedy trial. Johnston's counsel represents that she has requested records related to one of Johnston's prior convictions, as well as records related to his financial and employment history, which may be relevant to adjudicating the criminal charges at issue in this, including plea negotiations with the government. These records have yet to arrive, which has impeded the parties' ability to prepare fully for trial and to engage in plea negotiations. Accordingly, the court finds a continuance necessary to ensure that "counsel for the defendant or the attorney for the Government" are not denied "the reasonable time necessary for effective preparation." In addition, the government does not oppose the motion for a continuance, and the court finds Johnston will not be prejudiced by a continuance in this case.

***

Accordingly, it is ORDERED as follows:

(1) Defendant John Earnest Johnston's motion for continuance (doc. no. 13) is granted.

(2) The jury selection and trial, now set for May 21, 2012, are continued to July 23, 2012, at 10:00 a.m. at the Federal Courthouse in Opelika, Alabama.

DONE, this the 27th day of March, 2012.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**